**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**On Appeal from the**
**United States Magistrate Court**
**for the Middle District of Georgia**
**Macon Division**

**5:05-CR-102 (WDO)**

**JASON P. WADE,**

**Appellant**

**v.**

**UNITED STATES OF AMERICA,**

**Appellee**

**OWENS, J.**

Appellant was charged with Three Counts of violating 18 U.S.C. §641, theft of government property. Appellant pled guilty to Counts One and Two involving taking money and property from Robins Air Force Base. The Magistrate Judge sentenced Appellant to nine months of incarceration, a mandatory assessment of $25.00 on each Count and restitution in the amount of $3,921.50.

Appellant timely filed a notice of appeal raising the following issues: (1) whether the Magistrate Judge arbitrarily imposed a sentence outside the applicable Guidelines range without providing the required statement in open Court at the time of sentencing of his reason why the

Appellant was sentenced in excess of the Guidelines and (2) whether the Court's reasons for departure as set forth in writing following sentencing were sufficient to justify departure and the disparate treatment of the co-defendants in this case.

Appellant contends the sentencing court committed error by imposing a sentence above the Guideline range of zero to six months without stating sufficient reasons for the same in open court and without providing a sufficient basis for the same in the Statement of Reasons made a part of the Judgment of Conviction.  Appellant further contends the sentence was arbitrarily imposed against him given that none of his co-defendants received sentences which were in excess of the calculated Guideline range.  Co-Defendant Dennis Long received a 6-month sentence and Co-Defendant Christopher Wade, Appellant's brother, received a 12-month sentence, both within the Guidelines range.

Pursuant to 18 U.S.C. § 3742 (a)(3),

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range. . . .

The sentencing court's decision to sentence above the Guidelines range is reviewed for an abuse of discretion.  United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).  "Because the ranges recommended by the Guidelines are only advisory, we have held that a district court fulfills its statutory obligation when it evinces 'some indication that it' was aware of and considered them."  United States v. Knight, 2006 WL 346380 at *3 (11th Cir. Feb. 16, 2006) (citing Aguillard, 217 F.3d at 1320).

A review of the sentencing transcript shows the sentencing court fulfilled its statutory

obligation to make itself aware of and consider the sentencing ranges in the Guidelines. The court made the following statements explaining the sentence imposed:

- "Justice requires that all three of you be put in prison; there's just no question about it in my mind . . . you dodged a real big bullet by not being charged with . . . burglary." Sentencing. Tr. at 6-7.

- "As far as jail time is concerned the only thing I can hope for you is that the sentence of imprisonment that I impose on all three of you will be sufficient to dissuade you from [ever doing] anything as stupid as you did this time." Id. at 7.

- "Mr. Christopher Wade and Mr. Jason Wade are both perhaps a little more culpable than Mr. Long." Id. at 8.

- "Mr. Jason Wade is in excess of the guideline range, but as counsel pointed out I'm not required to follow guidelines any longer. If I did follow the guidelines there would be more than sufficient reason to depart upward in this case, based upon the, as far as I can tell, the circumstances of this particular offense which, as I've stated several times already, actually constitutes a felony offense of burglary. But I think the sentences that I'm imposing are in keeping with the past criminal conduct of the defendants involved and reflecting also the cooperation of Mr. Long in this matter." Id.

In the STATEMENT OF REASONS portion of the JUDGMENT, the court stated:

> . . . the court has considered the factual findings and guideline application in the presentence report provided by the U.S. Probation Office. The sentence imposed herein exceeds the guideline range reflected below; that range does not exceed 24 months. . . . The undersigned has carefully considered the facts and circumstances of this case and finds that the guidelines do not adequately reflect the serious nature of the offenses admitted to by the defendant and his involvement therein. Since the guidelines are no longer mandatory, the undersigned chooses not to follow them and to sentence the defendant within the maximum penalty permitted by statute.

These statements show the sentencing court considered the Guidelines' suggestions on the range of sentences for which Appellant could be sentenced and chose instead to upwardly depart by three months based on the serious nature of the offense and Appellant's criminal history. Importantly, the sentence was still within the statutory maximum of 24 months. The sentencing court committed no error imposing this sentence above the Guidelines range because it gave

3

sufficient reasons for the same in open court and provided a sufficient basis for the same in the written Statement of Reasons made a part of the Judgment of Conviction. Further, the sentence was not arbitrarily imposed against Appellant considering the sentencing court fully explained the basis for Appellant's sentence alone and in relation to the other sentences imposed.

Based on the foregoing, Appellant's sentence is AFFIRMED.

**SO ORDERED this 4th day of May, 2006.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**